In the Matter of Arbitration between ANNA L. CRUZADO, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order filed on March 31, 1964 confirming the arbitrator's award modified on the law to the extent of reducing the amount of the judgment to $3,427.17 plus interest of $21.41 and as so modified is otherwise affirmed, without costs. The provision in the MVAIC endorsement providing that any amount awarded thereunder shall be reduced by "the amount paid * * * under any workmen's compensation law" requires that the award be so reduced (*Matter of Durant* [*MVAIC*], 15 N Y 2d 408). Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.

HECTOR VIGO, as Administrator of the Estate of CYNTHIA VIGO, Deceased, et al., Respondents, v. CITY OF NEW YORK et al., Appellants.— Order dated May 3, 1965, denying defendant's motion for vacatur of an order striking the answer of the defendants Edward J. Tracey, M. D., and C. Graff, M. D., and order dated June 8, 1965, denying renewal of the motion, unanimously reversed, on the law, on the facts and in the exercise of discretion and motion granted, on condition, however, that the defendants pay to the plaintiff $30 costs and disbursements of these appeals and $250 as counsel fees; and upon further condition that the defendants Tracey and Graff submit to disclosure proceedings in a manner and at a time and place to be provided for in the order to be settled herein. In all the circumstances of this case, including the fact that defendant physicians were in the armed forces, we conclude that the application to open the default should have been granted. However, the circumstances are such as to require that the default be opened only upon defendants' compliance with the conditions hereinabove imposed. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

In the Matter of BERTHA BUSH, Respondent-Appellant, v. SAMUEL J. BUSH, Appellant-Respondent.— Order of support made November 27, 1964 unanimously modified, on the law and on the facts, to the extent of increasing the weekly payment to $110, and, as so modified, affirmed, with $15 costs and disbursements to petitioner-respondent-appellant. Order directing payment of counsel fee made December 11, 1964 unanimously modified, on the law and on the facts, to the extent of increasing the amount to $750, payable within 10 days after service of a copy of the order to be entered hereon, with notice of entry, and, as so modified, affirmed, with $15 costs and disbursements to petitioner-respondent-appellant. The challenge to the validity of the marriage is not persuasive, and would contravene the findings made in the 1946 separation action. Some increase in the amounts awarded for support and counsel fees is in our opinion justified, and the modifications to that end above directed appear to us equitable. Settle orders on notice. Concur — Botein, P. J., Breitel, McNally, Eager and Witmer, JJ.