**UNITED STATES of America ex rel. Samuel WITT, Appellant,**

v.

**The Hon. J. Edwin LaVALLEE, Warden of Auburn State Prison, Auburn, N. Y., Appellee.**

**No. 268, Docket 32090.**

United States Court of Appeals, Second Circuit.

Submitted to In Banc Court Oct. 9, 1969.*

Decided April 7, 1970.

Phylis Skloot Bamberger, Anthony F. Marra, New York City, for appellant.

Robert S. Hammer, Asst. Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen., for appellee.

Before LUMBARD, Chief Judge, and WATERMAN, MOORE, FRIENDLY, SMITH, KAUFMAN, HAYS, ANDERSON and FEINBERG, Circuit Judges.

---

* This appeal was argued on January 7, 1969 to a division of this court consisting of Chief Judge Lumbard and Judges Moore and Friendly. While *sub judice* the appeal in United States ex rel. Smith v. McMann, see 417 F.2d 648 (1969), *cert. denied,* 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105, Feb. 24, 1970, was argued on January 17, 1969 to a division consisting of Judges Medina, Waterman and Kaufman. On October 9, 1969 the full court decided to consider both appeals *in banc* and opinions in United States ex rel. Smith v. McMann were forthwith filed the following day. Determination of the appeal in the present case has

WATERMAN, Circuit Judge:

The New York state courts and the court below held that the habeas corpus petitioner in this case, Samuel Witt, lost his appellate rights in the state courts when he failed timely to appeal his conviction after a jury trial in which he had been represented from arraignment to sentence by an assigned counsel. Petitioner states that he had grounds upon which he could have appealed and that he did not waive his right to appeal but the appeal was not filed within the allowed time because his assigned counsel did not tell him and he did not know that inasmuch as he was indigent he could appeal without cost to himself and with the assistance of counsel assigned to him for that purpose at the expense of the State of New York.

Witt was convicted in Bronx County of robbery in the first degree and of the included crimes of larceny and assault. On February 5, 1952, he was sentenced as a recidivist second felony offender to a term of twenty-five to forty years in prison. As above stated, the court had determined that Witt was indigent and he was represented by assigned counsel, Otto Fusco, Esq., from his arraignment throughout an eight day trial and until he was sentenced.

No appeal was taken from Witt's conviction. On July 28, 1963, some eleven and one half years after his sentencing, Witt wrote Mr. Fusco to inquire why no appeal had been taken. Mr. Fusco replied:

At no time did you request that I file a notice of appeal and at no time did I suggest to you that I would file a notice of appeal. My services were done when the court duly and properly sentenced you.

On October 21, 1964, Witt filed a petition for a writ of error *coram nobis* in the applicable New York Supreme Court. In it he alleged, as he alleges here, that he lost his right to appeal only because of his poverty and because he was not advised of his appeal rights by his assigned lawyer and had no personal knowledge of those rights. He claimed that this failure of the state to inform him of his rights deprived him of due process, the equal protection of the laws, and the right to counsel. Witt's petition was forthwith, on November 4, denied without a hearing. This denial was affirmed without opinion by the Appellate Division, First Department, People v. Witt, 24 A.D.2d 844, 263 N.Y.S.2d 681 (1965), and leave to appeal to the New York Court of Appeals was denied on February 7, 1966. The United States Supreme Court denied certiorari on October 10, 1966, 385 U.S. 862, 87 S.Ct. 116, 17 L.Ed.2d 89 (1966).

■ Witt then filed his petition for a writ of habeas corpus in the United States District Court below, alleging, as he had alleged in his state petition for the error *coram nobis* writ, that although New York had refused to provide a transcript of his trial for purposes of appeal, he has meritorious grounds to support a reversal of his conviction which he could present to the state courts if he had the opportunity to do so.[1] On November 21, 1966 the district court denied the petition

awaited the February 24, 1970 final disposition of the petition to review our October 10 holding in *Smith*.

1. Although irrelevant to the determination of the constitutional issues involved here, see United States ex rel. Smith v. McMann, *infra*, 417 F.2d at 654, appellant alleges that two errors occurred at his trial that were so prejudicial to him that a reversal of his conviction and an order for a new trial is required. However, the merits of the claims are not for us here to adjudicate. Undoubtedly if he were timely advised and he had at the time thought it advisable to do so, Witt could have appealed his conviction and submitted these claims to the New York appellate courts for state appellate consideration. In any event, the severity of Witt's sentence was appealable and could have been then and may now be raised only by an appeal from conviction. See, e. g., People v. Weil, 282 App.Div. 981, 125 N.Y.S.2d 503 (3d Dept.1953); People v. Santanello, 1 A.D.2d 891, 149 N.Y.S. 2d 329 (2d Dept.1956); People v. Gold, 7 A.D.2d 739, 180 N.Y.S.2d 723 (2d Dept. 1958) [second offender].

without a hearing, and, citing United States ex rel. Mitchell v. Follette, 358 F.2d 922 (2 Cir. 1966) and United States ex rel. Bjornsen v. LaVallee, 364 F.2d 489 (2 Cir. 1966), *cert. denied,* 386 U.S. 988, 87 S.Ct. 1313, 18 L.Ed.2d 351 (1967), held that the failure of counsel to advise Witt of his appellate rights was not attributable to the state.. We granted a certificate of probable cause and assigned counsel to carry forward Witt's appeal.

The holding below, which petitioner is attacking, was reached before the New York Court of Appeals had decided the two cases of People v. Callaway, 24 N.Y. 2d 127, 299 N.Y.S.2d 154, 247 N.E.2d 128 (1969) and People v. Montgomery, 24 N.Y.2d 130, 299 N.Y.S.2d 156, 247 N.E. 2d 130 (1969) on February 27, 1969, and before our court, citing those two New York cases, decided in banc the case of United States ex rel. Smith v. McMann, 417 F.2d 648 (2 Cir. 1969), *cert. denied,* 397 U.S. 925, 90 S.Ct. 929 (U.S. Feb. 24, 1970). By the decisions upon appeals from denials of applications for writs of error *coram nobis* in *Callaway* and in *Montgomery* the New York Court of Appeals "swept away the remains of *Kling* and *Marchese"* [2] and decided the cases before them "unencumbered by these prior precedents." People v. Montgomery, *supra,* 24 N.Y.2d at 132, 299 N.Y.S 2d at 159, 247 N.E.2d at 132. The court then went on to say:

> The time has come for us to announce clearly that every defendant has a fundamental right to appeal his conviction and that, accordingly, basic fairness and due process require that the right not be dissipated either because the defendant was unaware of its existence or counsel failed to abide by

a promise to either file or prosecute an appeal. This determination in no way indicates that courts should or can attempt to second guess counsel. Our decision, very simply, demonstrates a fundamental concern that defendants be informed of their right to appeal, and that, where an attorney, whether assigned or retained, fails to apprise his client of this vital privilege, there is no justification for making the defendant suffer for his attorney's failing. *Id.* at 132, 299 N.Y.S.2d at 159, 247 N.E.2d at 132.

■ And in United States ex rel. Smith v. McMann our court overruled our 1966 precedent of United States ex rel. Bjornsen v. LaVallee, *supra,* in which we had held that the State of New York had no affirmative obligation to advise a convicted defendant of his right to appeal and to inform him of the procedure to enforce that right. United States ex rel. Smith v. McMann, *supra,* 417 F.2d at 655. Instead, in *Smith* we held that Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) constitutionally "imposes upon the state a duty to warn every person convicted of crime of his right to appeal and his right to prosecute his appeal without expense to him by counsel appointed by the state, if he is indigent." 417 F.2d at 654.

The rule stated in *Smith* defines the duty which the State of New York owed Witt and adopts as that duty the duty set forth by the New York Court of Appeals prior to our decision in *Smith* in People v. Montgomery, *supra,* and People v. Callaway, *supra.* The only question to be resolved is one of fact, whether Witt's allegations that he was not informed of

---

2. People v. Montgomery, *supra,* 24 N.Y.2d at 132, 299 N.Y.S.2d at 159, 247 N.E.2d at 132.

In *Callaway* no appeal had been taken by assigned trial counsel from a June 1964 conviction; in *Montgomery* no appeal had been taken by assigned trial counsel from a December 1957 conviction.

In the overruled case of People v. Kling, 14 N.Y.2d 571, 248 N.Y.S.2d 661, 198 N.E.2d 46 (1964) it had been held that a

*coram nobis* proceeding was not available to a prisoner petitioner who had alleged that he lost his right to appeal his conviction because his court-appointed trial counsel failed to file a notice of appeal after promising to do so. In People v. Marchese, 14 N.Y.2d 695, 249 N.Y.S.2d 888, 198 N.E.2d 916 (1964) the same result was reached when the petitioner alleged his retained counsel failed to fulfill a promise to file the notice of appeal.

his appellate rights and that he was not otherwise aware of them are true.

■■ The letter of Witt's assigned attorney corroborates Witt's testimony that he was not informed of his rights. On the other hand, Witt is a second offender and, as he was an indigent adult recidivist, it is more likely that he had personal knowledge of his appellate rights than Smith had, for Smith was but sixteen years of age at the time of his trial and was a first offender. Clearly, a factual hearing is required here, and if appellant is successful in substantiating his allegations the State should shortly provide him an opportunity to appeal his conviction.

Therefore, as in *Smith*, we remand the case to the court below [3] for further consideration not inconsistent with this opinion and for an evidentiary hearing on the issue of whether appellant was informed or knew prior to the expiration of his time to appeal that he could appeal without cost to himself and with counsel appointed by the State.

Reversed and remanded with directions.

---

3. As we stated in United States ex rel. Smith v. McMann, 417 F.2d 648 at 654: To remand the case for reconsideration by the New York State courts after the lapse of so many years would be, we think, most unjust and undesirable. Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967).