UNITED STATES of America ex rel.
Clarence Darrow CARUTH,
Petitioner-Appellee,

v.

J. Edwin LaVALLEE, Superintendent,
Clinton Correctional Facility, Clinton,
New York, Respondent-Appellant.

No. 842, Docket 72-1484.

United States Court of Appeals,
Second Circuit.

Argued May 25, 1972.

Decided July 3, 1972.

Phylis Skloot Bamberger, The Legal Aid Society, New York City (Robert Kasanof, New York City, on the brief), for petitioner-appellee.

Hillel Hoffman, Asst. Atty. Gen. of State of New York, New York City (Louis J. Lefkowitz, Atty. Gen. of State of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen. of State of New York, New York City, on the brief), for respondent-appellant.

Before LEVENTHAL,* FEINBERG and TIMBERS, Circuit Judges.

TIMBERS, Circuit Judge:

These appeals seek to present once again the question whether the equal protection clause of the Fourteenth Amendment requires that a defendant, who has been convicted of a crime under New York law *upon his plea of guilty*, be advised of his right to appeal, including the right to have his appeal prosecuted by court appointed counsel and without expense to the defendant if he is indigent. In view of the State's concession referred to below and without reaching the constitutional question raised, we remand with directions that the district court enter an order permit-

---

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

ting and requiring the State to accord to the state prisoner his right to appeal in the state courts from his 1948 conviction based on his guilty plea.

Petitioner, Clarence Darrow Caruth, then 15 years of age, was indicted by a New York County Grand Jury on June 8, 1948 for first degree murder, the crime having been committed on April 22, 1948. While represented by four court appointed attorneys, he pleaded guilty on June 23, 1948 to second degree murder. On November 10, 1948—two days after his sixteenth birthday [1]—he was sentenced to an "indefinite term" and was committed to the Elmira Reception Center. No appeal was taken from this conviction; nor was he advised that he had any right to appeal from this conviction entered upon his guilty plea.

Caruth was released from custody on January 13, 1954 pursuant to a state writ of habeas corpus issued by the Wyoming County Court on the ground that, in view of the "indefinite term" of his 1948 sentence, his commitment to El-mira could be for no more than five years.[2]

Caruth thereafter was indicted by a Queens County Grand Jury on October 4, 1955 for second degree robbery, second degree assault and petit larceny. On November 14, 1955, in satisfaction of this indictment and upon the advice of counsel, he pleaded guilty to third degree robbery. He was sentenced on December 16, 1955 as a second offender to a term of 15 to 20 years imprisonment, the predicate conviction being that in 1948 for second degree murder. He did not appeal his 1955 conviction and was not advised of any right to so appeal.[3]

Caruth's habeas corpus petitions filed in the district court below in March and December of 1971 presented numerous claims. The only one involved on the instant appeals is the claim that the failure of the sentencing court in 1948 to advise him as an indigent defendant of his right under New York law to appeal from a conviction entered upon his guilty plea constituted a denial of equal

---

1. After his indictment but before he pleaded guilty, an investigation was ordered pursuant to N.Y.Code of Crim. Proc. § 312(b), in view of Caruth's age at the time of the indictment, to determine whether the case should be removed from the Court of General Sessions to the Children's Court where Caruth would have been treated as a juvenile. After completion of the investigation, the trial judge ordered that the case not be transferred to the Children's Court.

Petitioner's first coram nobis petition in the New York state courts, filed December 19, 1963, challenged the constitutionality of his 1948 conviction on the ground that a 15 year old was incapable of homicide under New York law. The denial of this coram nobis petition by Justice Schweitzer in the New York Supreme Court, New York County, on January 27, 1964, was affirmed by the Appellate Division on June 8, 1965, 24 App.Div.2d 558, 260 N.Y.S.2d 1022 (1st Dept. 1965), and the New York Court of Appeals denied leave to appeal.

As we indicate below, the State has now conceded that petitioner "may have an appealable issue in the state courts concerning the denial of juvenile treatment in his 1948 murder case."

2. The issue on petitioner's 1954 state habeas corpus proceeding turned on the distinction between an "indeterminate term" (which the sentencing judge in 1948 apparently intended) and an "indefinite term" (which were the words actually used in the order of commitment). The resolution of this issue is immaterial to the question before us, except that Caruth's release in 1954 led to his next encounter with the law the following year which resulted in his being sentenced as a second offender.

3. Aside from his 1954 state habeas corpus proceeding (supra note 2) and his 1963 state coram nobis proceeding (supra note 1), petitioner has engaged in numerous state proceedings intended collaterally to attack his 1948 and 1955 convictions, including at least three other coram nobis proceedings. The one bearing the most directly on the question here presented was the denial by the New York Supreme Court, New York County, on October 15, 1970 of a coram nobis petition claiming that petitioner had not been informed of his right to appeal his 1948 conviction. On March 23, 1971, the Appellate Division affirmed. 36 App.Div.2d 796, 319 N.Y.S. 2d 594 (1st Dept. 1971).

protection. The district court filed an opinion on March 21, 1972 sustaining this claim; and it ordered Caruth released within 30 days unless the State provided him with a right to appeal from his 1948 conviction and provided counsel to represent him on such appeal. On April 20, 1972, the district court filed a further opinion denying the State's request that the court amend its March 21 order so as to require petitioner to make an affirmative showing of merit in his appeal from the 1948 conviction prior to granting the petition; and it again ordered Caruth released. On May 2, 1972, we stayed the district court orders pending appeal and expedited the appeal.

The essence of the constitutional claim that petitioner seeks to present in this Court may be briefly stated. Relying on Douglas v. California, 372 U.S. 353 (1963), we held in United States ex rel. Smith v. McMann, 417 F.2d 648, 654 (2 Cir. 1969) (en banc), cert. denied, 397 U.S. 925 (1970), that the state is under a duty "to warn every person convicted of crime of his right to appeal and his right to prosecute his appeal without expense to him by counsel appointed by the state, if he is indigent." We reaffirmed this holding in United States ex rel. Witt v. LaVallee, 424 F.2d 421 (2 Cir. 1970) (en banc). Both *Smith* and *Witt* involved *convictions following trials*. Caruth's conviction here in question was entered on a *guilty plea*.[4]

Petitioner contends, however, as the district court held, that New York provides for an appeal as of right from any judgment of conviction, even where the defendant pleaded guilty. N.Y. Code of Crim.Proc. § 517; People v. Nixon, 21 N.Y.2d 338, 234 N.E.2d 687, 287 N.Y.S. 2d 659 (1967); People v. Garrow, 30

App.Div.2d 618, 290 N.Y.S.2d 694 (3d Dept. 1968). It being undisputed that petitioner was indigent at the time of his 1948 sentencing and that he was not informed of his right to appeal without expense to himself, petitioner further contends, as the district court held, that, once the state provides for appeal as of right from all convictions, the equal protection clause requires the state to make certain that the poor are accorded an equal opportunity to exercise that right. And this in turn requires, so the argument goes, that an indigent defendant be advised of his right to appeal, even from a conviction entered on a guilty plea.

The State, in its briefs and oral argument before us, contended that our decisions in *Smith* and *Witt* should not be extended to defendants who have been convicted upon guilty pleas, rather than after trial. We did say in United States ex rel. Roldan v. Follette, 450 F.2d 514, 516 (2 Cir. 1971):[5]

"But both *Smith* and *Witt* were criminal convictions *after a trial*, and it is a large step to apply the rationale of these decisions to convictions based upon the admission in open court by a defendant represented by counsel that he did commit the crime charged. How sizeable the step would be is indicated by the recent proposal of the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States that there 'be no duty on the court to advise the defendant of any right to appeal after sentence is imposed following a plea of guilty.'" (citing the Preliminary Draft of Proposed Amendments to Fed.R.Crim.P. at 32).

In the alternative, the State contended before us that the district court erred in

---

4. Our decisions in *Smith* and *Witt* have been described (by Judge Judd below) as having "federalized" the rule announced by the New York Court of Appeals in People v. Montgomery, 24 N.Y.2d 130, 247 N.E.2d 130, 299 N.Y.S.2d 156 (1969), that the court must inform an indigent criminal defendant of his right to appeal and may not rely on the defendant's appointed

or retained counsel to fulfill this obligation.

5. For reasons not here material, we declined in *Roldan* to rule on "the grave issue whether to extend the rationale of *Smith* to convictions based on guilty pleas." 450 F.2d at 517.

not following People v. Lynn, 28 N.Y.2d 196, 269 N.E.2d 794, 321 N.Y.S.2d 74 (1971), which had held that a defendant, who had been convicted on his plea of guilty and who wished to have his appeal reinstated, was required to show that he had a genuine appealable issue which he might have raised had he been advised of his right to appeal.[6]

In view of developments subsequent to the argument of the instant case before us, we find that it is neither necessary nor appropriate for us to rule upon the constitutional question presented. Pursuant to suggestions made by us at the time of argument, counsel for the State has now informed us by letter dated June 1, 1972 that, for purposes of the instant appeal, the State concedes "that petitioner may have an appealable issue in the state courts concerning the denial of juvenile treatment in his 1948 murder case"; and that, while the New York County District Attorney reserves the ·right to oppose petitioner's appeal on the merits in the state courts, the District Attorney will not oppose the resentencing of petitioner in order to enable him to appeal the 1948 conviction.

This concession on the part of counsel for the State, reflecting in our view commendably good judgment, makes it unnecessary for us to adjudicate the constitutional question presented, and we decline to do so. It follows of course that nothing in this opinion is to be construed as an expression of views on our part with respect to the merits of the constitutional question raised.

We therefore order that those portions of the district court's orders of March 21, 1972 and April 20, 1972, which ordered the release of petitioner, be vacated; that the case be remanded to the district court with directions that it enter an order permitting and requiring the State to proceed with all possible speed to accord petitioner his right to appeal in the state courts from his 1948 conviction and to be represented on such appeal by court appointed counsel, without expense to petitioner; and that the district court retain jurisdiction of petitioner's instant habeas corpus proceeding, pending the outcome of the state proceedings herein ordered.

Remanded with directions.

---

6. The New York Court of Appeals summed up its holding in *Lynn* as follows: "In sum, therefore, where a defendant has pleaded guilty it is not enough that he allege a failure to have been advised of his right to appeal. He must also show that at that time he had a genuine appealable issue which he might have raised had he been advised of his right to appeal." 28 N.Y.2d at 204–05.