Vincent Amato *v.* Carl Robinson, Warden of Connecticut Correctional Institution, Somers

Superior Court       Hartford County       File No. 183079

Memorandum filed July 22, 1974

*William Singer,* of Hartford, for the plaintiff.

*Jerrold H. Barnett,* assistant state's attorney, for the defendant.

Naruk, J. The plaintiff, who is currently serving a sentence of eight to twenty-five years at the Connecticut correctional institution, Somers, brings this habeas corpus petition, alleging that a detainer warrant lodged against him by the New Jersey state board of parole is in violation of his rights under the eighth and fourteenth amendments to the United States constitution. The detainer warrant is based on a revocation of the plaintiff's parole by the state board of parole on November 26, 1968.

The facts reveal that the plaintiff, while on his second parole from an April 25, 1951, sentence to the New Jersey state prison, was arrested by the New Jersey state police on a motor vehicles violation on October 23, 1968. About two hours later,

he escaped from the officer's custody. On October 28, 1968, the plaintiff, after holding off the authorities for nine hours, was arrested at his daughter's home in Bricktown, New Jersey, by agents of the federal bureau of investigation and state and local police. The basis for this arrest was the federal offense of unlawful flight to avoid prosecution for certain Connecticut crimes for which he is presently confined. The federal charge was subsequently dropped and the plaintiff, on or about October 29, 1968, was taken before the Monmouth County Court, where he was advised of the other charges pending against him and the fact that a detainer was being placed against him as a parole violator. On or about November 8, 1968, he was transferred to the Burlington County Jail in Mount Holly, New Jersey. He remained at that institution for about two months. During that time he was arraigned for driving without a license, escape and carrying weapons in a motor vehicle. On January 17, 1969, he was given a hearing in the Burlington County Court on his extradition to Connecticut pursuant to a warrant of the governor of New Jersey. At that hearing, the plaintiff was represented by counsel and engaged in a colloquy with the court concerning the charges pending against him in New Jersey. As a result of these remarks and his prior parole revocation, the plaintiff now asserts that New Jersey waived its parole violation claim against him when he was surrendered to the Connecticut authorities, or, in the alternative, that his New Jersey sentence had continued to run and, thus, had expired during his incarceration in Connecticut.

The court finds no merit to either claim.

At the time of his incarceration in New Jersey, the plaintiff was being held on charges unrelated to his parole violation, including the pending extradition hearing. He was never returned to the New

Jersey state prison to resume serving his April 25, 1951 sentence. An extradition does not operate as a waiver of jurisdiction when the person extradited has been on parole in the rendering state. *Clifton v. Beto,* 298 F. Sup. 1384, aff'd, 411 F.2d 1226; *Jurczyszyn v. Michigan Parole Board,* 316 Mich. 529, 537.

The claim that the plaintiff's New Jersey sentence was concurrently served with his Connecticut sentence is contrary to the express provisions of New Jersey law. Section 30:4–123.27 of the New Jersey Statutes Annotated expressly provides that "[n]o part of a sentence, for which a parole has been granted and revoked, shall be deemed to be served by a prisoner, whose parole was revoked, while he is serving a sentence for an offense other than the one for which he was paroled." This statute has been construed to extend to subsequent service of out-of-state and federal prison sentences as well as New Jersey sentences. *Bonomo v. New Jersey State Parole Board,* 104 N.J. Super. 226, 235.

The petition for a writ of habeas corpus is dismissed.