VINCENT AMATO v. WARDEN, CONNECTICUT CORRECTIONAL INSTITUTION, SOMERS

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SIDOR, Js.

Argued January 14—decision released March 25, 1975

*William Singer,* with whom was *John C. Heffernan, Jr.,* for the appellant (plaintiff).

*William F. Gallagher,* special assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (defendant).

HOUSE, C. J. This appeal is from a judgment dismissing the plaintiff's amended petition for a writ of habeas corpus. The plaintiff, Vincent Amato, on April 8, 1969, in the face of what can only be considered as overwhelming evidence of guilt then in the possession of the state, pleaded guilty to five counts of robbery with violence and, on April 25, 1969, was sentenced to not less than eight years nor more than twenty-five years on each count, the terms to run concurrently. Amato was represented by counsel and the plea of guilty followed extensive discussion and negotiation between Amato and his counsel and the state's attorney's office. Following entry of the plea, the case was continued for a presentence report and sentencing. On the date of sentencing, Amato endeavored to withdraw his guilty plea but this request was denied by the court and sentence was imposed.

Although the hearing on the plaintiff's petition for a writ of habeas corpus[1] was a lengthy one during which extensive evidence was adduced on a variety of issues and the court rendered its findings and conclusions in 146 paragraphs to which the plaintiff filed twenty-five assignments of error, only a single issue has been pressed on this appeal. It is phrased by the plaintiff as follows: "Did the failure of the Court and Court appointed counsel to apprise the Plaintiff, Vincent Amato, of his right to appeal the adverse decision of the Trial Court, with regard to his motion to withdraw his guilty plea, prior to sentencing, constitute a denial of due process of law?"

Some facts concerning the ruling of the court and the alleged "failure" to inform the plaintiff of his right to appeal are necessary to place the stated issue in context. The plaintiff's plea of guilty to the five counts of robbery with violence came only after extensive plea bargaining. This was followed by the formal acceptance of the "bargain" signed by the plaintiff in the presence of witnesses. This statement recited the five crimes, the possible penalties, the recommendation agreed upon and its acceptance by the plaintiff. This statement was presented to the court when the plaintiff changed his plea from not guilty and entered a plea of guilty to each of the crimes charged. Before accepting the changed plea, the court interrogated the plaintiff at length to ascertain that the changed plea was entered after conferring with counsel, that the plaintiff had been advised fully of his rights, that he was not acting under any threat or pressure or promise, and that

---

[1] Numerically, the petition involved in the present appeal is the plaintiff's third petition. A fourth, raising issues different from those involved in the earlier actions, can be found in *Amato* v. *Robinson*, 31 Conn. Sup. 170, 325 A.2d 810.

he understood that any recommendation which the state's attorney made was not binding on the court, which was under no obligation to accept the recommendation. It was only after all this that the court accepted the guilty plea, ordered a presentence report and continued the case for sentencing.

On April 25, 1969, the day set for sentencing, the plaintiff's counsel at his request informed the court that the plaintiff wished a one-week continuance for the imposition of sentence or, "if your Honor feels you're going to deny that request, Mr. Amato wishes to ask the Court for permission to withdraw his plea of guilty and enter a plea of not guilty for trial for reasons which he is prepared to express on his own behalf." The plaintiff then personally informed the court that the "major reason" he wanted a postponement was to rewrite a letter which he had composed for submission to the court. The court read the letter which the plaintiff submitted which referred to the plaintiff's love for his family, asserted that he was not a violent person, and, as explanation for his lengthy criminal record, claimed that he was in many instances "a scapegoat for crimes he didn't want to be involved in." The court concluded that the plaintiff's requests for a continuance and to change his plea were made only for the purpose of delay, denied them, heard the details of the five armed holdups committed by the plaintiff as claimed by the state, details which had been admitted by the plaintiff in connection with the presentence investigation, considered the representations made by the plaintiff and his counsel,[2] and imposed the sentence as rec-

[2] The court stated: "I will only observe that I think on the strength of the record that he has it is hard to find that he is not a violent person when he has robbery in 1945, escape in 1946, pos-

ommended in accordance with the plea bargaining agreement. The plaintiff was thereupon informed of his right to have sentence reviewed by the Review Division of the Superior Court. General Statutes § 51-195. At the hearing on the present habeas corpus petition, the plaintiff expressly disclaimed any attack on the court's ruling on the requests for a postponement of sentencing or a change of plea, his counsel stating: "I am not raising the issue in this case of whether Judge MacDonald's ruling was proper or not, I am simply raising it in this case whether or not Mr. Amato was advised of his right to appeal that ruling."

After the imposition of sentence, no further judicial action was taken by the plaintiff until he brought a habeas corpus action in the Superior Court in Hartford County claiming that his conviction should be set aside because his plea was involuntary and was secured by coercion and the ineffectiveness of his court-appointed counsel. After a full hearing, this petition was dismissed on November 3, 1970, and the court denied the plaintiff's petition for certification of an appeal to this court pursuant to the provisions of § 52-470 of the General Statutes.

Thereafter the plaintiff instituted a habeas corpus action in the United States District Court. In this proceeding, he again alleged that his pleas of guilty were involuntary and were secured by coercion and the ineffectiveness of counsel. On January 6, 1971, the District Court in a written memorandum of decision concurred with the decision

session of a loaded revolver in 1948, holdup and robbery in 1951, armed robbery in 1951, bank robbery in 1958, plus five counts of armed robbery here. It is hard to reconcile this with the peaceful character he describes in his letter."

in the state habeas corpus case that the plaintiff's pleas of guilty were voluntarily entered after considerable and effective negotiation by the public defenders on his behalf.

It was after the dismissal of both of these state and federal court habeas corpus petitions that the plaintiff brought the present third petition, again in the Superior Court.

In dismissing the petition, the court reached several basic conclusions. The first was that the only issue which could conceivably have been litigated upon a direct appeal from the plaintiff's conviction by plea of guilty was whether the trial court had abused its discretion. The court concluded that it had not. The court's second conclusion was that due process under the federal constitution does not require that a defendant represented by counsel and convicted upon a plea of guilty, as distinguished from a defendant convicted after a trial, be notified of a right to appeal. The third was that the plaintiff had not shown that a right existed under the constitution, statutes or court rules of this state, at least prior to August 1, 1970,[3] whereby the state had an affirmative duty to notify a defendant, convicted upon a guilty plea, of the right to appeal his conviction and to be provided with counsel to prosecute the appeal upon a showing of indigency. It further concluded that in the absence

---

[3] Section 483A of the Connecticut Practice Book, later adopted, effective August 1, 1970, provides that where there has been a conviction after trial "or otherwise . . . it shall be the duty of the clerk of the court, immediately after the pronouncement of sentence . . . to advise the defendant in writing of such rights as he may have to appeal, of the time limitations involved, and of the right of an indigent person who is unable to pay the cost of an appeal to apply for a waiver of fees, costs, and expenses and for the appointment of counsel to prosecute the appeal without expense to him."

of the existence of such a right the plaintiff could not claim that failure to notify him that his sentence could be appealed to the Supreme Court and that counsel would be provided if he were indigent denied him equal protection of the laws. The court also concluded that under all the circumstances a direct appeal from the judgment imposing sentence would have been completely frivolous and that the situation presented to the court in the present proceedings did not warrant the relief claimed by the plaintiff, i.e., a judgment that the judgment imposing sentence was null and void with a consequent release of the plaintiff from custody or a new trial on the original five-count information.

These conclusions have been assigned as error by the plaintiff, but we find no merit to the assignments and no error in the judgment of the court.

First, we find no error in the conclusion of the court that the plaintiff was not denied due process of law because the court, upon imposing sentence after the guilty plea, did not inform him of a right to appeal from the judgment. *Douglas* v. *California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811, established that where an indigent defendant has been convicted after a trial and indicates that he wishes to appeal his case he must be afforded the services of counsel regardless of the probable merits of the appeal. There is, however, no generally recognized right to be informed of the right to appeal and have counsel supplied where the conviction is the result of a guilty plea, and it appears that, as yet, the United States Supreme Court has not made a definitive ruling. Subsequent to the decision in the *Douglas* case, the United States Court of Appeals for the Second Circuit remarked

on that decision in the case of *United States ex rel. Smith* v. *McMann,* 417 F.2d 648, 654, cert. denied, 397 U.S. 925, 90 S. Ct. 929, 25 L. Ed. 2d 105, where the defendant had been convicted after a trial: "We think the only practical, logical and fair interpretation to be given to *Douglas* v. *California* is that it imposes upon the state a duty to warn every person convicted of crime of his right to appeal and his right to prosecute his appeal without expense to him by counsel appointed by the state, if he is indigent." In a later case, however, in which the conviction resulted from a plea of guilty, that court, in *United States ex rel. Roldan* v. *Follette,* 450 F.2d 514, 516 (2d Cir.), declined to extend the rationale of the *Smith* case to convictions based on guilty pleas. It observed (p. 516): "We reiterated . . . [the *Smith*] holding six months later in United States ex rel. Witt v. LaVallee, 424 F.2d 421 . . . . But both *Smith* and *Witt* were criminal convictions *after a trial* [in italics in quoted opinion], and it is a large step to apply the rationale of these decisions to convictions based upon the admission in open court by a defendant represented by counsel that he did commit the crime charged. How sizeable the step would be is indicated by the recent proposal of the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States that there 'be no duty on the court to advise the defendant of any right to appeal after sentence is imposed following a plea of guilty.'" See also Fed. R. Crim. P. 32 (a) (2). Other courts have simply held that such a constitutional right just does not exist; *Patterson* v. *Estelle,* 494 F.2d 37, 38 (5th Cir.); *Johnson* v. *Wainwright,* 456 F.2d 1200 (5th Cir.); *Upshaw* v. *State,* 50 Ala. App. 172, 277 So. 2d 917; *People* v. *Lynn,* 28 N.Y.2d 196, 269 N.E.2d 794;

although these same cases recognize that despite the fact that there is no general duty to advise a defendant in a criminal case of his right to appeal, nevertheless, if he does express an interest in appealing, then he should be instructed as to these rights and the availability of counsel if he is indigent. See also *Collier* v. *Estelle,* 488 F.2d 929, 931 (5th Cir.); *United States ex rel. Johnson* v. *Cavell,* 468 F.2d 304, 318–19 (3d Cir.) (concurring and dissenting opinion of Adams, J.); *Giles* v. *Beto,* 437 F.2d 192, 194 (8th Cir.).

Not only did the plaintiff not express any interest in appealing his conviction at the time of his sentencing, but, to the contrary, on the day following the sentencing, he wrote to his attorney thanking him for his services and expressing satisfaction with his treatment in court. It is also to be noted that the record is devoid of any protestation of innocence on the part of the plaintiff. Further, as the record discloses and the trial court properly observed in its memorandum of decision, the plaintiff made no claim of any abuse of discretion on the part of the sentencing judge in refusing his request for a continuance or to permit a change of plea to not guilty. Rather, "the petitioner's position asserts nothing more than the bare right to appeal."

We find ourselves in agreement with the observation of the New York Court of Appeals in *People* v. *Lynn,* supra, 204: "Nowhere, it is significant to note, is there a protestation of innocence. To hold, on these facts, that a defendant, represented by counsel, who freely and voluntarily pleads guilty must contemporaneously be advised of the right to appellate review, is not only a contradiction in terms but defies legal concept and the dictates of common

sense. We know of no constitutional, moral or legal mandate which requires such a result." Accordingly, we conclude that the trial court properly held that when Amato was convicted on his plea of guilty, under the facts of this case the court at the time of sentence was under no duty to notify him concerning his rights to appeal.

The concluding paragraph of the opinion in *People* v. *Lynn,* supra, is also pertinent and decisive of the merits of the present appeal in light of the narrow issue briefed by the plaintiff, the decisions on his two prior habeas corpus petitions, his express disclaimer of the assertion of any issue as to the propriety of the court's denial of his motion for permission to change his plea, and his sole claim of error predicated upon an asserted bare legal right to notice of a right to appeal. As the New York Court of Appeals stated (p. 204): "In sum, therefore, where a defendant has pleaded guilty it is not enough that he allege a failure to have been advised of his right to appeal. He must also show that at that time he had a genuine appealable issue which he might have raised had he been advised of his right to appeal."

There is no error.

In this opinion the other judges concurred.