[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 4843
This is a motion to quash a petition for a writ of habeas corpus.
On March 29, 1993, the petitioner filed a revised, amended petition asking the court to issue a writ of habeas corpus to redress certain claims of illegality surrounding his convictions, following guilty pleas under the Alford doctrine, to charges of burglary first degree, robbery first degree, and sexual assault first degree. For these offenses the petitioner received a total effective sentence of twenty-five years confinement.
The petition contains five counts alleging that the trial court failed to advise the petitioner of his appellate and sentence review rights; that his public defender rendered ineffective assistance by failing to advise him as to these matters; that his public defender rendered ineffective assistance regarding the petitioner's decision to plead guilty; and that his guilty pleas were, as a consequence of these deficiencies, not knowingly and intelligently made. There is no indication in the petition that the petitioner attempted to appeal or applied for sentence review or that such attempts were unsuccessful.
On April 14, 1993, the respondent filed this motion to quash the petition.
 I
As to the first count, which asserts a failure of the trial court to notify the petitioner of his appellate rights following his convictions resulting from his guilty pleas, the respondent claims that his motion ought to be granted on two grounds. First, because the petitioner fails to allege he ever filed an appeal which was eventually dismissed for lateness, the issue raised is nonjusticiable because premature. Second, the trial court has no obligation to advise defendants regarding their appellate rights following convictions based on guilty pleas. The Court agrees with the respondent on both grounds.
A CT Page 4844
The late filing of an appeal does not automatically preclude appellate review. Under Connecticut Practice Book Section 4056 it is incumbent on the appellee to file a motion to dismiss if the appeal papers are filed late. The appellee may decline to file such a motion and have the merits of the appeal decided.
Even if it were likely that the appeal would be dismissed because not timely filed or because exemptions have been consistently denied in the past, the petitioner must still make the attempt to have his appeal heard before seeking habeas review. For an analogous federal habeas rule see Federal Habeas Corpus Practice And Procedure, James S. Liebman, Vol. 1, Section 6.2, p. 58. One reason given for requiring such an attempt is "to give the . . . courts the opportunity to lay aside state procedural obstacles to relief and reach the merits. . .," Ibid.
 B
As to the second ground, the court notes that the petitioner, in his brief in opposition to this motion, cites no law, rule of practice, or authority which imposes on the trial court a duty to inform a defendant, who is convicted as a result of his plea of guilty, of his right to appeal. As the respondent has pointed out, our Supreme Court has ruled precisely to the contrary in Amato v. Warden, 168 Conn. 254
(1975), p. 263.
Also, Connecticut Practice Book Section 945 indicates that only "[w]here there has been a conviction after a trial" does a duty devolve upon the clerk to inform a defendant of his appellate rights. The court notes that former Practice Book Section 483A, which was a predecessor to Section 945, used to require the clerk to advise even where conviction followed a guilty plea, Ibid, p. 259, fn. 3. That erstwhile rule was repealed and replaced by Section 945 which no longer contains, the broader duty but rather limits its application to convictions obtained "after a trial."
Also, the allegations contained in the first count amounts to no more than a claim of failure to advise of appellate rights. Amato v. Warden, supra, implies that a habeas petition also must specifically claim that, at the time of the conviction, the petitioner "had a genuine CT Page 4845 appealable issue which he might have raised had he been advised of his right to appeal."
The absence of a duty to inform and the absence of a specific allegation of a genuinely appealable issue regarding the trial court's acceptance of the petitioner's pleas and sentences are fatal to this count.
In the second count, the petitioner claims that the trial court failed to inform the petitioner of his statutory right to apply for review of his sentence by the Sentence Review Division under Connecticut General Statutes Section51-195. That statutory section imposes a responsibility on the clerk to provide written notice to a defendant who receives an effective sentence in excess of three years which sentence was not the result of a plea agreement. For purposes of Section 51-195, the plea arrangement employed in the petitioner's case, wherein the prosecution agreed to a sentencing cap which permitted the petitioner to argue for a lesser sentence, is not a plea agreement foreclosing access to sentence review, State v. Anderson, 220 Conn. 400 (1991), p. 407.
The respondent moves to quash this count on the basis of a lack of ripeness which leaves the petitioner's claim nonjusticiable. Like the first count, the second count alleges a failure to inform. It contains no allegation that the petitioner ever applied for and was denied sentence review because his application was filed more than thirty days after imposition of sentence, the time limit set forth in Section 51-195.
Where the clerk fails to provide the written notice required by Section 51-195, the Review Division has, on occasion, considered the merits of the application despite the lateness of the filing; see e.g. State v. Lytwyn,27 Conn. Sup. 78 (1967). In that case the applicant's sentence received full review although his application was filed five months after sentencing, Ibid., pp. 80 and 81.
It is a well-settled rule that the existence of an actual controversy is an essential requisite to jurisdiction, Jones v. Warden, 175 Conn. 147 (1978), p. 150. This court should not presume that, where it can be established that the clerk failed to meet the obligation to provide written notice CT Page 4846 of the availability of sentence review, the Review Division will decline to decide the merits of the petitioner's application. Absent an allegation that the petitioner has unsuccessfully attempted to have his sentence reviewed, this court has no actual controversy to decide.
 III
The third count of the petition alleges that the petitioner's public defender rendered ineffective assistance to the petitioner by failing to advise him of his rights regarding appeal and sentence review. The respondent moves to quash this count on the same grounds it asserted as to the first and second counts. That is, the respondent argues that, because the petitioner omits an allegation that he unsuccessfully tried to appeal or obtain sentence review, the claim of ineffectiveness is also nonjusticiable. This court agrees.
In order to be entitled to habeas corpus relief based on a claim of ineffectiveness of counsel, the petitioner must prove the two components of such a claim. First, the petitioner must establish that his attorney's performance was deficient, and, second, that this deficient performance prejudiced the defense, Johnson v. Commissioner, 218 Conn. 403
(1991), p. 414. The second component involves a showing that there exists a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceedings would have been different, Ostolaza v. Warden,26 Conn. App. 758 (1992), p. 761.
Because there is no allegation that the petitioner's attempts to appeal his convictions or apply for sentence review were turned away, there are no "outcomes" of the proceedings adverse to the petitioner. It remains possible for the petitioner to attempt to appeal and apply for sentence review, albeit late, and have his claims heard on the merits. The petitioner cannot assert that the outcome of his case would have been different until that outcome is known.
As stated above, sentence review is occasionally granted after the thirty day time limit in which to apply when the reason for late application is failure to receive written notice from the clerk. Also, as noted above, the late filing CT Page 4847 of an appeal does not automatically preclude appellate review. No prejudice to the petitioner having yet occurred, according to the allegations in his petition, this claim is undecidable at this time.
 IV
Counts four and five will be addressed together. The fourth count asserts ineffectiveness of trial counsel based on a lack of trial preparation and incomplete and incorrect pre-plea advice. The fifth count alleges similar professional defects which purportedly result in vitiating the petitioners guilty pleas because the pleas were not knowingly and intelligently entered. The respondent moves to quash these counts for lack of specificity.
Paragraph 10 of the fourth count indicates that trial counsel inadequately investigated the law regarding good time credits, eligibility for early release programs, and estimates as to the actual confinement time the petitioner might expect to serve. Paragraph 11 of that count indicates that trial counsel improperly advised the petitioner regarding the probable sentence he might receive if convicted after trial, as well as the areas mentioned in paragraph 10. Nowhere in this count is the purported erroneous advice recited nor is it stated what specific advice was not given that ought to have been given.
Likewise as to the fifth count, paragraphs 11 and 12 allege that the petitioner's counsel failed to "correctly" and "adequately" inform him as to his appellate and sentence review rights as well as the areas of advice mentioned in count four. Again, nowhere in this count is the specific incorrect or omitted advice recounted.
In a writ of habeas corpus alleging illegal confinement, the petition must set forth the specific grounds for the issuance of the writ, including the basis for the claim of illegality, Macri v. Hayes, 189 Conn. 566 (1983), p. 568. In the context of a claim of illegal confinement based on ineffective assistance of counsel, as in counts four and five of this petition, the petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment," Strickland v. Washington, 466 U.S. 668 (1984), p. 690 (emphasis added). CT Page 4848 This particularity is necessary so that the habeas court can "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Ibid. (emphasis added).
Counts four and five contain no specifics as to the manner in which the advice given to the petitioner was either "incorrect" or "incomplete" because the actual advice under attack is not specifically mentioned. In other words these counts touch on the general areas of advice which were incorrectly or incompletely conveyed to the petitioner, but not as to the specific advice which was actually conveyed or should have been conveyed.
It is incumbent upon the petitioner to state in his petition precisely what incorrect advice was given and what essential advice was not given that should have been given, Macri v. Hayes, supra; and Strickland v. Washington, supra.
Therefore, as to all counts the respondent's motion to quash is granted, and the petitioner has forty-five days in which to plead over or any count not so addressed will be dismissed.
BY THE COURT,
Samuel J. Sferrazza Judge, Superior Court