Scileppi, J.
Petitioners, Peter Lynn and Milton Saunders, appeal from separate orders of the Appellate Division, Second Department, which affirmed orders of the Supreme Court, Queens County and Kings County respectively, denying, without an evidentiary hearing, petitioners’ applications for writ of error coram nobis.
In each case, the question posed is whether upon a plea of guilty assigned counsel must, pursuant to the rule enunciated in *199 People v. Montgomery (24 N Y 2d 130), advise defendant of Ms right to appeal.
PEOPLE v. LYNN
Petitioner Lynn was indicted on September 19, 1951 for the crime of murder in the first degree. During trial, the petitioner withdrew Ms plea of not guilty and pleaded guilty before Justice Peter T. Farrell to the crime of manslaughter in the first degree. A prior offense information was filed by the District Attorney, and the petitioner admitted that he was the person named in the information. On December 28, 1951 Judge Farrell sentenced the petitioner, a second felony offender, to a term of not less than 10 years nor more than 30 years’ imprisonment.
In an application for a writ of error coram nobis, dated May 29, 1969 the petitioner alleged that he pleaded guilty to manslaughter in the first degree ‘ ‘ with the understanding that he would receive no more than 20 years ”. No allegation was made as to how he came to this understanding. More importantly, petitioner further alleged that none of the three lawyers representing him had informed him of his right to appeal and, in a reply affidavit to the District Attorney, alleged that until the decisions in Montgomery and Callaway he “ did not know that he had a legal right to appeal ” until this court’s decisions in People v. Montgomery (24 N Y 2d 130) and. People v. Callaway (24 N Y 2d 127). This ignorance was proffered as the reason for petitioner’s failure to include the allegation in an earlier coram nobis application, dated September 28, 1967.
In an answering affidavit, the District Attorney noted that despite petitioner’s claim of ignorance, the record reveals that starting in 1961, there are a number of letters from the defendant to the court clerk, requesting minutes of various pleadings. Indeed, the petitioner was informed by letter that the court reporter who had recorded the plea, was deceased and that the plea minutes had not been transcribed.
On July 8, 1969 Justice Farrell denied the application on the ground that Montgomery had no application in plea situations. On appeal, the Appellate Division, Second Department, affirmed (35 A D 2d 589), relying on People v. Saunders (35 A D 2d 591), the companion case herein.
*200 Petitioner Saunders was convicted in the former County Court, Kings County, on a three-count indictment charging robbery in the first deg'ree, grand larceny in the first degree and assault in the second degree, after a plea of guilty of robbery in the second degree and sentenced on February 6, 1962 to 5 to 10 years’ imprisonment.
No direct appeal was taken from the judgment of conviction. Instead, alleging counsel’s failure to inform him of his right to appeal, petitioner, via letter, initiated the present proceeding on September 5, 1968. (Petition, dated Sept. 5, 1968.) Treating this request as an application for a writ of error coram nobis, which the People opposed by affirmation, the Supreme Court, Kings County (Starkey, J.), denied the writ without a hearing, but without prejudice to renewal “ on some factual showing ”.[1]
Apprised in the interim of our action in Montgomery, the People, in petitioner’s appeal, conceded that reversal was required and urged that the matter be remanded for a Montgomery hearing to determine the propriety of resentence. The Appellate Division, Second Department, similarly cognizant of Montgomery, nevertheless affirmed, reasoning that petitioner’s ‘ mere allegation now that he was not informed of his right to appeal should not be enough to require a court and the People to take the time and effort to conduct a hearing ” (35 A D 2d 591). As an additional precaution against the unwarranted expenditure of judicial time, the Appellate Division required that the petitioner allege more, namely, that not only was he not so informed but that he was unaware of his right to appeal and that he would have appealed had he been aware (see People v. Greene, 35 A D 2d 587). It is from this order that the petitioner, pursuant to section 520 of the Code of Criminal Procedure, prosecutes an appeal to this court.
Alleging that he was not advised of his right to appeal, each of the petitioners herein, Lynn and Saunders, instituted the *201 instant eoram nobis proceedings. The Supreme Court in both instances denied the application without a hearing, in the form or on the ground that the case was distinguishable from Montgomery as it involved a plea situation. The question before us, therefore, is whether such a distinction can serve as a sound basis for denying relief. Unfortunately, as the current conflict within and between the various judicial departments suggests (see, e.g., People v. Brown, 33 A D 2d 1031; People v. Powe, 34 A D 2d 961; People v. Lewis, 34 A D 2d 557; People v. Kancar, 36 A D 2d 513, 514; People v. LoPiccolo, 35 A D 2d 1086, People v. Andrews, 35 A D 2d 783; People v. Ali, 35 A D 2d 435; People v. Couse, 34 A D 2d 859; People v. Haynes, 33 A D 2d 992), there is no ready solution.[2]
In People v. Montgomery (24 N Y 2d 130, supra) we were resounding in our announcement: [1] ‘ that every defendant has a fundamental right to appeal his conviction and that, accordingly, basic fairness and due process require that the right not be dissipated either because the defendant was unaware of its existence or counsel failed to abide by á promise to either file or prosecute an appeal [People v. Callaway, 24 N Y 2d 127] ” (id., at p. 132). We were, however, cautious to note that the recognition of that right in no way evidenced an obligation on our part, or, for that matter, on the part of the lower courts, to ‘ ‘ second guess counsel. ’ ’ Cognizant of trial strategies, our decision simply demonstrated our concern that defendants be informed of their right to appeal, and that ‘ ‘ where an attorney, whether assigned or retained, fails to apprise his client of this vital privilege * * * [that] the defendant [not be made to] suffer for his attorney’s failing” (id.).
A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction [and] nothing [else] remains but to give judgment and determine punishment ” (Boykin v. Alabama, 395 U. S. 238, 242). Evidencing, as it often does, a certain trial strategy, it bespeaks of the defendant’s intention not to litigate the question of his guilt, and necessarily involves the surrender of certain constitutional *202 rights, including the right to confrontation, the privilege against self incrimination and the right to trial by jury (Brady v. United States, 397 U. S. 742; McMann v. Richardson, 397 U. S. 759; Matter of D. [Daniel], 27 N Y 2d 90). As plea situations are ordinarily marked by the absence of controverted issues, a similar result should follow where a defendant seeks to assert a deprivation of his right to be advised, under Montgomery, of the availability of appellate review. Considering trial strategies, it seems somewhat absurd, as a general matter, to require that the defendant be so advised where he is well satisfied with the bargain he has struck and stands to lose those very benefits on review. Under these circumstances, a defendant, having pleaded guilty to a charge, should not, years later, at a time when the prosecution is perhaps unable to prove its case, be allowed to assert that his constitutional right to appeal has been obstructed.
On the other hand, by trial, the defendant bespeaks his intention to litigate any number of legal issues. While in the plea situation the defendant tacitly indicates that no further judicial inquiry is required, the converse applies upon a trial where it is reasonable to assume that the defendant, fully apprised of his rights, would be eager to procure appellate review of the issues relating to his guilt. Simply, therefore, the nature of the plea warrants that a different result follow. Recent Supreme Court pronouncements recognize and sanction this distinction (cf. McMann v. Richardson, 397 U. S. 759; Brady v. United States, 397 U. S. 742; Parker v. North Carolina, 397 U. S. 790).
This, of course, is not to hold that an appeal does not lie from a plea of guilty. It is merely a recognition that in cases of a guilty plea it is reasonable to assume, absent allegations to the contrary, that the defendant has neither reason nor desire to prosecute an appeal. Accordingly, while we held in Montgomery that a defendant, after trial, must be informed of his right to an appeal and upon his mere assertion that he was not informed of such a right, a hearing should be had to determine that question, a different rule is to obtain in plea situations where the plea itself, at least for Montgomery purposes, attests to the defendant’s desire to forego appellate review. Our recent action in People v. Carlos (26 N Y 2d 797) where, by a divided court, we affirmed an order denying, without a hearing, peti *203 tioner’s motion in the nature of a writ of error coram nobis addressed to a judgment of conviction rendered upon a plea of guilty, stands for that proposition, and reaffirms our concern that the failure to appeal be attributable solely to counsel’s failure to advise a defendant of that right (People v. Callaway, 24 N Y 2d 127, supra; People v. Montgomery, 24 N Y 2d 130, supra; People v. O’Bryan, 26 N Y 2d 95), and not to defendant’s apparent decision to forego appellate review.
Recognition of this basic distinction in no way suggests that Montgomery and its progeny (see, e.g., People v. O’Bryan, 26 N Y 2d 95, supra) have no application in plea cases. Those cases demonstrate our continuing concern with the fundamental right to appellate review and go far toward effecting its meaningful existence. The nature of the guilty plea itself, however, would seem to require that, unlike conditions after trial, more than the mere assertion of a failure to be advised of the right to appellate review be shown in order to trigger the hearing apparatus incidental to a Montgomery claim. In such a situation it must appear that during the time allowed for taking an appeal, the defendant disputed the validity of the judgment of conviction but, by reason of ignorance or improper advice of counsel, was prevented from prosecuting an appeal. This test has only recently been adopted by the Second and Third Departments, and appears to be the most cogent approach to the problem (People v. Ali, 35 A D 2d 435).
There are, nevertheless, situations wherein the mere allegation of a failure to be advised of the right to appeal would warrant a Montgomery hearing. Obviously, it would apply to plea situations involving a “ viable ” claim of excessive sentence (People v. Rastorfer, 35 A D 2d 708; cf. People v. Ramos, 34 A D 2d 1109), as well as claims pursuant to sections 813-c and 813-g of the Code of Criminal Procedure. Beyond this, all residual appealable issues consistent with a plea of guilty, e.g., the voluntariness of the plea itself, as well as the legality of sentence, may, in the absence of a proper allegation (that is, that the defendant disputed the validity of the judgment of conviction but was nevertheless prevented from prosecuting an appeal by reason of ignorance or improper advice as to his rights), be reviewed collaterally by way of postconviction relief (People v. Lucci, 27 N Y 2d 550).
*204 In affirming the orders denying cor am nobis relief herein, the Appellate Division held that petitioners should allege more than counsel’s failure to advise the defendant of his right to appeal. Additionally, it was held that in seeking relief under Montgomery, an aggrieved defendant would be required to allege that he was not aware of his right to appeal and that he would have appealed had he been aware of that right (35 A D 2d 591). A petitioner should allege more than a failure to be apprised of his rights and although this may well be a question of semantics, we would require only that the petition allege a prior dissatisfaction with a judgment of conviction, which, by reason of ignorance or improper advice of counsel, was never tested by appellate review (see People v. Ali, 35 A D 2d 435, 437, supra). This, in turn, would obviate the conjecture necessarily attending a standard which requires that the petitioner on a Montgomery claim speculate as to some remote disposition regarding a right of which he was never aware, and would dictate only that he allege a genuine and subsisting dissatisfaction with the judgment of conviction.
Turning to the cases at bar, the respective petitions fall short of the above standard. In neither case does the petitioner allege a claim of excessive sentence, or a claim pursuant to either section 813-c or section 813-g of the Code of Criminal Procedure. Nor is there an allegation that petitioner disputed the validity of the judgment of conviction but was prevented from prosecuting an appeal by reason of ignorance or improper advice as to his rights. Bather, we have some vague, equivocal statements relating to alleged “ abuses ” of constitutional rights and the competency of counsel. Nowhere, it is significant to note, is there a protestation of innocence. To hold, on these facts, that a defendant, represented by counsel, who freely and voluntarily pleads guilty must contemporaneously be advised of the right to appellate review, is not only a contradiction in terms but defies legal concept and the dictates of common sense. We know of no constitutional, moral or legal mandate which requires such a result.
In sum, therefore, where a defendant has pleaded guilty it is not enough that he allege a failure to have been advised of his right to appeal. He must also show that at that time he had a *205 genuine appealable issue which he might have raised had he been advised of his right to appeal.
Accordingly, the orders appealed from should be affirmed.
Chief Judge Fuld and Judges Bergan, Breitel, Jasen and Gibson concur; Judge Burke taking no part.
In People v. Lynn: Order affirmed.
In People v. Saunders: Order affirmed.

. This determination, as well as the People’s affirmation in opposition to the motion, relied upon the fact that no one was under a legal duty at that tima to so advise petitioner. The decision, it is to be noted, predates our decision in People v. Montgomery (24 N Y 2d 130).

. The contention that a plea of guilty precludes a Montgomery hearing has been rejected by three departments of the Appellate Division of this State (People v. Nostro, 33 A D 2d 693; People v. Winslow, 31 A D 2d 561; People v. Haynes, 33 A D 2d 992).