Lisa Marie VALLO, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 86–119.

Supreme Court of Wyoming.

Oct. 15, 1986.

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender, Julie D. Naylor, Appellate Counsel, Cheyenne, Wyoming Defender Aid Program: Gerald M. Gallivan, Director, and William L. Combs, Student Intern, Laramie, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., John W. Renneisen, Allen C. Johnson, Sr. Asst. Attys. Gen., for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Justice.

Appellant pled not guilty to possession of a controlled substance with intent to deliver. In a "stipulated agreement" she admitted to all the essential elements of the crime charged and conditionally waived her right to a jury trial. Based on this stipulation the court found appellant guilty. On appeal she raises issues with respect to the trial court's denial of a motion to supress her statements to the police.

This court will not address the supression issues, but rather remand the case to the trial court for the taking of a proper plea.

An information was filed on September 5, 1985, charging appellant with possession of a controlled substance (marijuana) with intent to deliver, in violation of § 35–7–1031(a)(ii), W.S.1977, 1985 Cum.Supp. On October 4, 1985, appellant filed a motion to suppress all statements made by her and all property seized as a result of her having made statements to the police. The police had questioned appellant and conducted a search and seizure pursuant to a search warrant on July 18, 1985.

After a hearing on October 25, 1985, the trial court denied appellant's motion to suppress, and at her arraignment appellant pled not guilty. On November 15, 1985, a "stipulated agreement" was filed in the district court. In the "stipulated agreement" appellant admitted to all the essential elements of the crime charged and

"conditionally" waived her right to a jury trial. In this stipulation appellant also preserved her right to appeal to the supreme court. Apparently she intended to appeal the trial court's denial of her motion to suppress her statements to the police.

On December 2, 1985, the district court entered an order stating that the stipulation would not be accepted. The court apparently considered the case of *Tompkins v. State*, Wyo., 705 P.2d 836 (1985), cert. denied — U.S. ——, 106 S.Ct. 1277, 89 L.Ed.2d 585 (1986). Appellant filed a motion on December 4, 1985, urging the district court to reconsider its order disallowing the stipulation. On January 21, 1986, the district court entered its order accepting the stipulation, and found appellant guilty, in violation of § 35–7–1031(a)(ii), W.S.1977, 1985 Cum.Supp.

 The stipulation left nothing for the court to decide, appellant having agreed that she did exactly what the statute proscribed. Admission to all the essential elements of the crime with no suggestion of a defense is tantamount to a plea of guilty. *People v. Sullivan*, 72 Ill.App.3d 533, 29 Ill.Dec. 82, 391 N.E.2d 241 (1979); and *People v. Russ*, 31 Ill.App.3d 385, 334 N.E.2d 108 (1975).

The plea here is, in effect, a conditional plea of guilty which we held to be improper in *Tompkins v. State*, supra. In that case we said:

"* * * [Appellant] is not challenging the constitutionality of the statute to which he pled guilty. *He is only seeking a ruling on the admissibility of evidence.* Inasmuch as our Rule 15 does not allow for such a conditional plea, we hold that such is not permissible. * * *" (Emphasis added.) Id., at 840.

 Here, as in *Tompkins*, appellant was seeking a ruling on the admissibility of evidence. In *Tompkins* we set out the reasons why a conditional plea to test the admissibility of evidence is improper, and we need not repeat the rationale here.

This case is remanded to the district court for the taking of a proper plea.

URBIGKIT, Justice, concurring.

The substantive appellate issue raised by defendant in her now aborted appeal invokes definitional questions of "in custody" and "interrogation" derived from a suppression hearing within the purview of the constitutional protection criteria of Art. 1, § 6, and Art. 1, § 11 of the Wyoming Constitution and the Fifth Amendment to the United States Constitution. See *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966); Kamisar, *Brewer v. Williams, Massiah and Miranda: What Is "Interrogation"? When Does It Matter?*, 67 Geo.L.J. 1 (1978).

The trial court held that the defendant, in a pre-arrest informational exchange was in custody but not interrogated prior to the time that officers, acting under a search warrant, gave her the *Miranda* warning. The State denies custody as a principal posture of justification for introduction of the pre-warning evidence, but alternatively also questions whether interrogation occurred in this pre-*Miranda* warning discussion.

A further issue follows from continued questioning after the *Miranda* warning was given, which questioning then utilized the original pre-*Miranda* warning response of defendant. See *United States v. Carson*, 793 F.2d 1141 (10th Cir.1986); *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

The facts will not change upon remand as earlier involved in the statement-suppression questions, those issues being directly represented hereafter in the defendant's plea decision, or upon trial if that process is the only way for her to test the constitutional issues involved.

I differ with my colleagues since I believe that the evidentiary admissibility of the statements as the substantive issue

which brought this case to us on appeal should now be addressed for assistance to both the trial court and defendant.

The factual situation is simple and specific. By failure to address those issues we invite further confusion and leave in question not only the propriety of the trial court's prior decision but also other constitutional questions that may follow, including the eternal inquiry whether fundamental constitutional error is or is not waived or forfeited by a guilty plea. See *United States v. Broce*, 753 F.2d 811 (10th Cir. 1985).

Consequently, I would reason, in the interest of judicial economy and trial constitutional fairness, that this court should now address the substantive issues on the record before us concurrently with remand on the procedural question.

Additionally, attention could providently be given to Rule 15, W.R.Cr.P., and the different provisions of Rule 11(a)(2), F.R. Cr.P., whether by rule change or reasoned logic, so that *Tompkins v. State*, Wyo., 705 P.2d 836 (1985), cert. denied — U.S. ——, 106 S.Ct. 1277, 89 L.Ed.2d 585 (1986), which created this issue ab initio, without briefing by the litigants, should be modified to permit appeal by stipulated resolution if the decision made by the court on the particular issue raised would be dispositive, whether affirmed or reversed.

The complexities and variances existent in criminal pretrial negotiations deserve recognition in consideration of constitutional rights and interest, if not by conditional plea as afforded by federal rules then by appeal in endeavoring to reach procedural equality so as to assure the availability and effectuation of those constitutional rights and limitations to both the charged defendant and to the society which requires enforcement of criminal statutes for its intrinsic protection.

Consequently, I concur with remand, but would have preferred that the court address the substantive issues involved.