Donald G. SWORD, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 86–28.

Supreme Court of Wyoming.

Nov. 19, 1987.

Public Defender Program: Leonard D. Munker, State Public Defender, and Julie D. Naylor, Appellate Counsel; Wyoming Defender Aid Program: Gerald M. Gallivan, Director, and Megan Olson, Student Intern, for appellant.

A.G. McClintock, Atty. Gen.; Jerry A. Stack, Deputy Atty. Gen.; John W. Renneisen, Sr. Asst. Atty. Gen.; and Mary B. Guthrie, Sr. Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT, and MACY, JJ.

MACY, Justice.

Appellant Donald G. Sword was indicted by a Campbell County grand jury on four counts of delivery of or possession with intent to deliver controlled substances and one count of aiding and abetting the delivery of a controlled substance. Appellant entered a plea of not guilty and filed a motion to dismiss the indictment and dissolve the grand jury on the grounds that he was denied due process of law because the grand jury was convened and conducted improperly. The district court denied appellant's motion and set the matter for trial. Meanwhile, appellant and the county attorney entered into plea negotiations in which they agreed that the county attorney would move for dismissal of Counts III and V in exchange for appellant's guilty plea. Pursuant to that agreement, appellant changed his plea to guilty, and Counts III and V were dismissed. Appellant was sentenced on the remaining counts to consecutive terms of three and one-half to seven years, five to ten years, and two and one-half to five years in the Wyoming State Penitentiary and fined $5,500.

We affirm.

On appeal, appellant apparently seeks to challenge the continued validity of the grand jury system. However, the issues specifically set forth by appellant do not challenge the constitutionality of Wyoming's grand jury statutes. They are limited instead to the manner in which this particular grand jury was conducted. In a lengthy commentary highlighting the "ills" of the grand jury system, appellant contends that he was denied due process and equal protection of the law because the Campbell County grand jury was convened and conducted improperly. Specifically, appellant raises the following issues concerning the grand jury proceedings:

"Issue I

"Whether the Appellant has been denied due process and equal protection of the law by the actions of the prosecution in deliberately avoiding the preliminary hearing and obtaining indictments without observing minimal standards of fundamental fairness.

"Issue II

"Whether the current Grant Jury was improperly impaneled under Section 7–5–102 in that there was no necessity for said body, requiring the dissolution of the panel and the dismissal of the indictments.

"Issue III

"Whether the indictments in these cases are fatally defective for failure to conform to the statutory requirement that the foreman endorse the words 'A True Bill' upon each indictment.

"Issue IV

"Whether the indictments should be dismissed because the conduct of the Grand Jury lacks any indicia of reliability in the assessment of probable cause.

"Issue V

"Whether the district court committed reversible error and abused its discretion in sentencing Donald G. Sword to terms of 3½ to 7 years, 5 to 10 years and 2½ to 5 years, to run consecutively in the Wyoming State Penitentiary, along with a total fine of $5,500 plus a surcharge of $75 to Victims of Crimes and $350.00 reimbursement for attorney's fees."

In addition, appellant claims that the district court abused its discretion in sentencing him to three consecutive terms in the Wyoming State Penitentiary.

The State restates the issues raised by appellant and sets forth the following additional claim:

"APPELLANT'S PLEA OF GUILTY RE-SULTED IN THE WAIVER OF IS-SUES PRESENTED IN THIS AP-PEAL."

■ We decline to address the issues raised regarding the grand jury proceedings because we conclude that, by pleading guilty, appellant forfeited his right to challenge his conviction before this Court by claiming that the grand jury was convened and conducted improperly.

It long has been the rule that a guilty plea will prohibit a criminal defendant from appellate review of all but a few defenses and objections. 2 LaFave & Israel, Criminal Procedure § 20.6 (1984). This means that in most jurisdictions, when his defenses and objections are denied upon pretrial motion, a defendant must proceed to trial in order to preserve them for appeal. Id. at 682; Comment, *Conditioned Guilty Pleas: Post–Guilty Plea Appeal of Nonjurisdictional Issues*, 26 UCLA L.Rev. 360 (1978). Conversely, a defendant who pleads guilty and avoids trial thereby sacrifices his right to appeal the denial of his pretrial defenses and objections. Note, *Conditional Guilty Pleas*, 93 Harv.L.Rev. 564 (1980).

■ A few jurisdictions have provided for a contrary result by enacting statutes which permit the defendant to enter a guilty plea conditioned upon reservation of the right to appeal specified issues. 2 La-Fave & Israel, supra. Wyoming is not among them. Instead, we have maintained the position that a defendant who pleads guilty admits the elements of the crime charged and waives the right to appeal all but a few defenses and objections. *Vallo v. State*, Wyo., 726 P.2d 1045 (1986); *Tompkins v. State*, Wyo., 705 P.2d 836 (1985), cert. denied 475 U.S. 1052, 106 S.Ct. 1277, 89 L.Ed.2d 585 (1986).

In determining what defenses and objections are forfeited by a guilty plea, courts have applied a variety of standards. See 2 LaFave & Israel, supra at 677–80. In the past, this Court has resolved the question by holding that "nonjurisdictional" claims are forfeited by a guilty plea while "jurisdictional" claims are not. *Tompkins*, 705 P.2d at 839. As one commentator has indicated, this differentiation "simply begs the question." 2 LaFave & Israel, supra at 679. In an attempt to clarify the distinction, the South Dakota Supreme Court recently defined nonjurisdictional claims—those which are waived by a guilty plea—as those "which would not prevent a trial from taking place." *State v. Grosh*, S.D., 387 N.W.2d 503, 507 (1986). Jurisdictional claims would be those which, if asserted and sustained upon pretrial motion, would preclude the State from bringing the defendant to trial.

■ This approach is consistent with our prior holding that a defendant who pleads guilty is not barred from claiming on appeal that the statute under which he was convicted is unconstitutional. *Kallas v. State*, Wyo., 704 P.2d 693 (1985), citing *Armijo v. State*, Wyo., 678 P.2d 864 (1984). Such a claim, once sustained upon pretrial motion, clearly would prevent a trial from taking place. If the statute making the commission of an act a crime were declared unconstitutional, the State would be precluded from bringing the defendant to trial. Under such circumstances, it would make

little sense to require the defendant to proceed to trial for the sole purpose of preserving a pretrial objection which, once sustained, would make the trial meaningless and unnecessary.

This same rationale does not apply under the present circumstances. Even assuming that appellant's objections to the grand jury proceedings had been sustained upon pretrial motion, the State would not have been precluded from bringing appellant to trial. A district court order dismissing the indictment and dissolving the grand jury because of due process violations would not have prevented the State from conducting a preliminary hearing or calling a new grand jury and proceeding to trial. Thus, applying the standard enunciated in *State v. Grosh* to the present circumstances, we find that the issues raised concerning the grand jury proceedings are nonjurisdictional in nature and that, by pleading guilty, appellant forfeited his right to raise them on appeal.

In reaching this result, we are aware of the argument that, for the sake of judicial economy, a criminal defendant should not be forced to go to trial merely to preserve his right to appeal pretrial objections. *United States ex rel. Rogers v. Warden of Attica State Prison*, 381 F.2d 209 (2d Cir. 1967). However, against that interest, we must weigh the need for finality in the judicial process.

"A guilty plea [should mark] the end of a criminal case, not a gateway to future litigation. More than a confession, a guilty plea signals defendant's 'intention not to litigate the question of his guilt, and necessarily involves the surrender of certain constitutional rights * * *.'" *People v. Taylor*, 65 N.Y.2d 1, 489 N.Y. S.2d 152 [154], 478 N.E.2d 755, 757 (1985), quoting *People v. Lynn*, 28 N.Y.2d 196, 201–02, 321 N.Y.S.2d 74, 269 N.E.2d 794 (1971).

■ Keeping these competing interests in mind, we hold that objections and defenses which, once sustained, would prevent a trial from taking place are jurisdictional in nature and thus may be reviewed on appeal notwithstanding the defendant's guilty plea. Objections and defenses which would not prevent a trial are nonjurisdictional and may not be reviewed on appeal from a conviction obtained by a defendant's guilty plea. Because appellant's grand jury claims fall into the latter category, we decline to address them on appeal.

■ We turn next to appellant's claim that the district court abused its discretion in sentencing him to three consecutive terms in the Wyoming State Penitentiary. Specifically, appellant complains that the court abused its discretion in failing to adequately consider his age, his limited arrest record, his devotion to his son, and his feelings of remorse. Appellant argues that the court would not have imposed such an "extremely harsh" sentence had it adequately considered these mitigating factors.

The record clearly demonstrates that the trial court considered all of these factors. At the sentencing hearing, prior to imposing sentence, the district court specifically listed the factors which it considered, including the presentence report, the testimony of appellant and the narcotics officers, the recommendations of counsel, and the ABA standards governing sentencing in criminal cases. The court also considered appellant's arrest record. The record reflects that the court considered probation but rejected it in light of evidence that appellant was involved heavily and frequently in the sale of large quantities of drugs for profit, that he carried a gun during drug transactions, and that he involved his five-year-old son in drug sales, sometimes using him as a cover.

Applying the well-established standards governing review of sentencing decisions, we hold there was no abuse of discretion under these circumstances. *Yates v. State*, Wyo., 723 P.2d 37 (1986); *Shepard v. State*, Wyo., 720 P.2d 904 (1986). In addition, appellant has failed to demonstrate that his case is a rare and unusual one; therefore, his request for a writ of certiorari is denied.

Affirmed.

URBIGKIT, J., filed a dissenting opinion.

URBIGKIT, Justice, dissenting.

I dissent for the reasons stated in *Hennigan v. State*, Wyo., 746 P.2d 360 (1987), and do not find the guilty plea in this case to have abrogated constitutional rights there discussed in detail.

Additionally, in comparison with all of the Campbell County grand jury cases, the totality of the consecutive sentences decreed for Donald Sword appear punitive if not petulant, and particularly so as compared with the results for the major suppliers as clearly defined in grand jury testimony. The monetary fine provided in conjunction with the confinement sentence is senseless in economics, and the attorney's fee repayment requirement is clearly illegal according to then-existing law and required assessment procedures.

I would reverse in order to afford a right for a preliminary hearing and the right to elect to have a trial on the merits.