Timothy Wallace SMITH, Jr.,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 93–82.

Supreme Court of Wyoming.

March 24, 1994.

Leonard D. Munker, State Public Defender, and Deborah Cornia, Appellate Counsel, Cheyenne, for appellant.*

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., and D. Michael Pauling, Sr. Asst. Atty. Gen., Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

* Following argument on December 15, 1993 and after this appeal was taken under advisement, an Order Granting Leave for Appellant's Counsel to Withdraw was entered February 1, 1994.

TAYLOR, Justice.

Appellant challenges his guilty pleas to two counts of murder in the first degree and one count of use and possession of a firearm by a person convicted of a violent felony. Appellant asserts his guilty pleas were intended to be and should be treated as conditional. He also contends he was denied a speedy trial.

We affirm.

## I. ISSUES

Appellant raises the following issue:

Whether Appellant was denied his constitutional right to a fair and speedy trial[.]

The State frames the issue in these terms:

Whether Appellant's guilty plea waived his meritless speedy trial claim?

## II. FACTS

In the early morning hours of June 11, 1992, appellant, Timothy W. Smith (Smith), shot and killed Janice Marvin (Marvin) and Charles Samuels (Samuels) in Jackson, Wyoming. Smith was charged with two counts of murder in the first degree, Wyo.Stat. § 6–2–101 (Cum.Supp.1993), one count of aggravated burglary, Wyo.Stat. § 6–3–301(c)(i) and (ii) (1988), and one count of use and possession of a firearm by a convicted felon, Wyo. Stat. § 6–8–102 (1988). Smith admitted to the shooting, but claimed he accidentally shot Marvin and acted in self-defense in shooting Samuels.

On June 29, 1992, counsel for Smith requested a suspension of the proceedings pursuant to Wyo.Stat. § 7–11–304(a) (1987) to have Smith's competency to stand trial determined. Competency examinations proceeded throughout the remainder of 1992. During this time, Smith's counsel asked for and received additional designated competency examiners and twice filed requests for additional time to file the examiners' competency reports. On February 5, 1993, the district court found Smith competent and mentally fit to proceed.

At his arraignment on March 5, 1993, Smith pled not guilty and not guilty by reason of mental illness or deficiency to all four charges. Trial was scheduled to begin May 24, 1993. On March 10, 1993, Smith filed a W.R.Cr.P. 48 motion to dismiss, alleging denial of the right to a speedy trial. After a hearing, the district court denied the motion.

On March 26, 1993, pursuant to a negotiated plea agreement, Smith changed his pleas to guilty to two counts of murder in the first degree and guilty to one count of use and possession of a firearm by a person convicted of a violent felony. As part of the plea agreement, the State agreed to dismiss the aggravated burglary charge. The district court sentenced Smith to two consecutive life terms on the murder charges and a consecutive term of not less than two and one-half years nor more than three years on the firearm charge.

## III. DISCUSSION

This court reviews change of plea proceedings as a whole. *Mehring v. State,* 860 P.2d 1101, 1106 (Wyo.1993); *Stice v. State,* 799 P.2d 1204, 1209 (Wyo.1990); *Gist v. State,* 768 P.2d 1054, 1056–57 (Wyo.1989). "Our inquiry determines if the district court sufficiently described the nature of the charges, including the possible penalties; informed the defendant of the right to representation; *informed the defendant of the rights waived by a guilty plea;* and obtained a factual basis for the plea." *Mehring,* 860 P.2d at 1106 (emphasis added). W.R.Cr.P. 11 directs, in pertinent part:

(b) *Advice to Defendant.* * * * [B]efore accepting a plea of guilty or nolo contendere to a felony or to a misdemeanor when the defendant is not represented by counsel, the court must address the defendant personally in open court and, unless the defendant has been previously advised by the court on the record and in the presence of counsel, inform the defendant of, and determine that the defendant understands, the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law and other sanctions which could attend a conviction including, when applicable, the general nature of any

mandatory assessments (such as the surcharge for the Crime Victim Compensation Account), discretionary assessments (costs, attorney fees, restitution, etc.)[.]

\* \* \*

\* \* \* \* \* \*

(2) The defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant;

(3) The defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to court process to obtain the testimony of other witnesses, and the right against compelled self-incrimination;

(4) If a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the defendant waives the right to a trial; and

(5) If the court intends to question the defendant under oath, on the record, and in the presence of counsel, about the offense to which the defendant has pleaded guilty, that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

■ A guilty plea prohibits appellate review of all but a few defenses. *Ochoa v. State,* 848 P.2d 1359, 1361–62 (Wyo.1993); *Sword v. State,* 746 P.2d 423, 425 (Wyo.1987). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Davila v. State,* 831 P.2d 204, 206 (Wyo.1992) (*quoting Zanetti v. State,* 783 P.2d 134, 138 (Wyo.1989) and *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973)).

■ A guilty plea waives non-jurisdictional defenses. *Ochoa,* 848 P.2d at 1361; *Davila,* 831 P.2d at 205; *Sword,* 746 P.2d at 425. In *Davila,* 831 P.2d at 205–06, we set forth the difference between jurisdictional and non-jurisdictional defenses. Jurisdictional defenses involve the state's power to bring the defendant into court; non-jurisdictional defenses are those "'objections and defenses which would not prevent a trial.'" *Id.* (*quoting Sword,* 746 P.2d at 426). Constitutional challenges to pretrial proceedings, including speedy trial violations, are non-jurisdictional defenses. *Ochoa,* 848 P.2d at 1362; *Davila,* 831 P.2d at 206; *Sword,* 746 P.2d at 425. *See also United States v. Yunis,* 723 F.2d 795, 796 (11th Cir.1984) and *Smith v. United States,* 677 F.2d 39, 40 (8th Cir.1982). In *Zanetti,* 783 P.2d at 139, we held that a constitutional challenge to a guilty plea based upon the denial of the right to a speedy trial is not a jurisdictional defense.

■ Under current Wyoming law, a criminal defendant choosing to plead guilty can reserve the right to appeal a non-jurisdictional defense only by entering a conditional plea in accordance with W.R.Cr.P. 11(a)(2). *Knox v. State,* 848 P.2d 1354, 1358 (Wyo.1993). Prior to 1992, the Wyoming Rules of Criminal Procedure had no provision permitting conditional pleas. *See* W.R.Cr.P. 15, Wyo. Rep. 578–584 P.2d XIX (1978) (Former Rule 15). For that reason, earlier rulings of this court disallowed attempts to create conditional pleas. *Vallo v. State,* 726 P.2d 1045, 1046 (Wyo.1986); *Tompkins v. State,* 705 P.2d 836, 839 (Wyo.1985), *cert. denied,* 475 U.S. 1052, 106 S.Ct. 1277, 89 L.Ed.2d 585 (1986). When the Wyoming Rules of Criminal Procedure were revised in 1992, W.R.Cr.P. 11(a)(2) was added to expressly address conditional pleas:

Conditional Pleas.—*With the approval of the court and the consent of the attorney for the state,* a defendant may enter a conditional plea of guilty or nolo contendere, *reserving in writing* the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

W.R.Cr.P. 11(a)(2) (emphasis added). After Smith entered his pleas, W.R.Cr.P. 11(a)(2) was amended. The present language "to seek review of" formerly read "to review." This stylistic change does not affect our analysis.

W.R.Cr.P. 11(a)(2) permits the entry of a conditional plea only if the prosecutor consents to the stated condition and the district court approves. In *Knox*, we held that a guilty plea, conditioned upon preservation of a right to appeal an alleged violation of the Agreement on Detainers Act (IAD) (Wyo. Stat. §§ 7–15–101 through 7–15–105 (1987)), was permissible because W.R.Cr.P. 11(a)(2) was in effect at the time the guilty plea was formally entered and because all parties agreed to the conditions of the plea. *Knox*, 848 P.2d at 1357–58. We based our decision in *Knox* on excerpts from the change of plea and sentencing hearing transcripts which plainly demonstrated the parties' mutual understanding of the conditions of the plea. *Id.* at 1356–58.

■ Before ascertaining what non-jurisdictional defenses, if any, Smith might have preserved by any alleged conditional pleas, we must determine whether his plea agreement meets the approval and consent requirement in W.R.Cr.P. 11(a)(2). It is Smith's contention that he preserved his right to pursue the speedy trial issue on appeal; however, the record reflects no instance, written or otherwise, of any such condition in the pleas that he entered. The record does reflect that paragraph "g" of the plea agreement, signed by Smith, his attorneys and the prosecuting attorney, specifically refers to Smith's pleas as "unconditional:"

[S]hould the defendant fail to enter an *unconditional plea* under the terms set out above, the State reserves the right to withdraw this Plea Agreement and proceed to trial on the original charges.

(Emphasis added.)

Smith also signed the plea agreement directly below an acknowledgment that he was giving up his right to a speedy trial:

I, TIMOTHY WALLACE SMITH, JR., have read and understand the above. I have discussed the case and my Constitutional rights with my lawyer. *I understand that by pleading guilty I will be giving up my right to a fair, impartial and speedy trial* by jury * * *. I agree knowingly, voluntarily and intelligently, and without undue influence of pressure from anyone, to enter my plea as indicated above on the terms and conditions set forth herein.

(Emphasis added.) Smith acknowledged during the change of plea proceeding that the plea agreement incorporated the entire understanding of the terms he had accepted.

Smith, however, maintains that a dialogue with the district court during the change of plea proceeding resulted in the entry of conditional pleas. We disagree. The colloquy in question is as follows:

THE COURT: Now, are there any other questions about any of your constitutional rights that I've tried to outline to you here today?

DEFENDANT SMITH: Well, I don't really—I don't really know about that. I mean as far as questions about them are concerned, I've had questions all through these proceedings, and my questions are apparently—don't apply. I don't know. I'm not sure where that—I'm not sure. I mean, you know, I'm not well informed enough to know completely about all the constitutional rights that you're talking about.

*I realize that if I enter into a plea, that I'm giving up the rights that you talk about. That's the way I understand it.*

THE COURT: That's the rights I'm asking—

DEFENDANT SMITH: Are there any constitutional rights that I keep if I enter into a plea?

THE COURT: There certainly are. But I've tried to advise you of the ones that you would be waiving if you plead guilty, and those are the ones that I want to make certain that you understand.

DEFENDANT SMITH: Okay. Well, there isn't anything that you've said so far that I don't understand.

THE COURT: You've understood everything that I've said so far?

DEFENDANT SMITH: Yes.

(Emphasis added.)

We cannot agree with Smith that this dialogue preserved a right to appeal a non-jurisdictional defense based upon the denial of the right to a speedy trial. The colloquy fails to plainly demonstrate a mutual understanding about the presence of any conditions in Smith's pleas. *See Knox,* 848 P.2d at 1356. The district court specifically found that Smith had sufficient mental capacity to understand the nature of the proceeding and that he was competent to enter the guilty pleas. The district court determined that Smith had entered the pleas knowingly, voluntarily, without undue influence and free of coercion. The change of plea proceeding demonstrated that Smith was advised of the consequences of his pleas and that he understood that his guilty pleas operated as a waiver of his right to a speedy trial. Additionally, the plea agreement contained an explicit warning that if Smith accepted the agreement, he would be giving up his right to a speedy trial and that any pleas entered were unconditional.

Smith failed to meet the first requirement of W.R.Cr.P. 11(a)(2) which demands a mutual understanding of any conditions of the plea and court approval. We hold that Smith's guilty pleas were unconditional and his guilty pleas waived his non-jurisdictional defenses, including his right to a speedy trial.

■ Since Smith's guilty pleas waived non-jurisdictional defenses, it is not necessary for this court to consider whether, on these facts, he was denied his right to a speedy trial. We noted earlier, however, that the primary reason for the delay was the determination of his mental competency to stand trial. W.R.Cr.P. 48(b)(3)(A) specifically excludes from delay-time calculations all "proceedings related to the mental illness or deficiency of the defendant * * *." Smith's counsel had reasonable cause to doubt his competency. Under these circumstances, Wyoming law requires suspension of all criminal proceedings until the district court can make a determination of the defendant's mental competency to stand trial. Wyo.Stat. § 7–11–303(a) (1987). Furthermore, once there exists reasonable cause to question a criminal defendant's competency, due process protections of the state and federal constitutions mandate such a suspension. *Cf. Hayes v. State,* 599 P.2d 558, 563 (Wyo.1979) and *Medina v. California,* —— U.S. ——, ———–———, 112 S.Ct. 2572, 2578–79, 120 L.Ed.2d 353, 365 (1992).

■ Smith does not contest the informed, knowledgeable and voluntary nature of his guilty pleas. Although he claimed innocence of the charges against him throughout the proceedings, he pled guilty to save his life and understood that this incentive to avoid the death penalty did not render his guilty pleas involuntary. A plea motivated by fear of greater punishment, even the death penalty, can be voluntary. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970); *United States v. Araiza,* 693 F.2d 382, 385 (5th Cir.1982). *See also Rude v. State,* 851 P.2d 15, 18 (Wyo.1993) and *Rude v. State,* 851 P.2d 20, 25 (Wyo. 1993).

Oral argument was presented on December 15, 1993 and this case was taken under advisement. Subsequently, Smith requested, in writing, the withdrawal of his appellate counsel. Smith's appellate counsel was permitted to withdraw during this non-critical stage of the proceedings by order of this court dated February 1, 1994. If Smith seeks counsel for any further proceedings of right before this court, W.R.A.P. 9.07, appropriate action will be taken.

## IV. CONCLUSION

Smith failed to show that his guilty pleas were anything but unconditional; therefore, he waived all non-jurisdictional defenses and objections.

We affirm.