■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BRADY, Appellant. [716 NYS2d 333] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 23, 1998, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In its *Sandoval* ruling (*see, People v Sandoval,* 34 NY2d 371), the Court permitted the People to question the defendant about the underlying facts of a separate crime to which he pleaded guilty but for which he was awaiting sentence. However, the Court limited the prosecutor's inquiry to the defendant's statements during the allocution for that plea, and it precluded the prosecution from inquiring as to. the charge arising from that separate crime. Contrary to the defendant's contention, the ruling did not violate his privilege against self-incrimination for that separate crime, as he had pleaded guilty, and a plea of guilty is itself a conviction which necessarily involves the surrender of certain constitutional rights, including the privilege against self-incrimination (*see, People v Lynn,* 28 NY2d 196).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. O'Brien, J. P., Thompson, S. Miller and Feuerstein, JJ., concur.